UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZAMONT BRANTON,

    Petitioner,

v.                                     Case No. 8:20-cv-2974-MSS-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**O R D E R**

Branton petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and attacks his convictions for carjacking with a firearm and robbery in *State v. Branton*, No. 03-CF-17259 (Fla. 13th Jud. Cir.). (Doc. 1) The Respondent moves to dismiss the petition as an unauthorized second or successive petition (Doc. 8), and Branton replies. (Doc. 12)

In 2015, Judge James Whittemore denied an earlier Section 2254 petition attacking the same state court judgment. *Branton v. Sec'y, Fla. Dep't Corrs.*, No. 8:12-cv-2713-JDW-AEP (M.D. Fla.), ECF No. 14. The court of appeals denied Branton's motion for a certificate of appealability. *Branton*, No. 8:12-cv-2713-JDW-AEP, ECF No. 18. Because Judge Whittemore adjudicated the earlier petition on the merits, this Court lacks jurisdiction to consider the second or successive Section 2254 petition until Branton obtains permission from the court of appeals. 28 U.S.C. § 2244(b)(3). Rule 9, Rules Governing Section 2254 Cases.

Branton contends that he attacks a new judgment that entered in 2019, after the post-conviction court granted his motion under Rule 3.800(a), Florida Rules of Criminal Procedure, to correct his sentence. (Doc. 12) "'[W]here . . . there is a new judgment

1

intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive[.]'" *Osbourne v. Sec'y, Fla. Dep't Corrs.*, 968 F.3d 1261, 1264 (11th Cir. 2020) (quoting *Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010)).

The post-conviction court granted relief as follows (Doc. 9-2 at 103–05) (state court record citations and bolding omitted):

> In case number 03-CF-017259-C, on January 11, 2005, a jury found the Defendant guilty of carjacking (firearm possession) (Count One) and Robbery (Firearm; greater than $300 but less than $20,000) (Count Two). The Court sentenced the Defendant to life in prison on each count as a Prison Releasee Reoffender ("PRR").
>
> In his motion, Defendant first alleges that his sentence is illegal because "no special finding was made by the jury that [Defendant] carried, possessed, displayed, discharged, used, threatened to use or attempted to use the only firearm alleged in the information." Second, Defendant alleges he was improperly sentenced for possession of a firearm, "which resulted in both reclassifications and enhancement of his sentence, contrary to the evidence presented at trial, which undisputedly established that it was Daniel Pressely (co-defendant) who carried and possessed the sole firearm." Third, Defendant alleges "no enhancement or reclassification may be imposed for his co-defendant's use of a firearm during the commission of the purported offenses for which he was charged and convicted as a principal." Thus, Defendant "maintains that the only legal conviction and subsequent sentences that should have been imposed was for Carjacking and Robbery without the use of a firearm."
>
> With regard to Defendant's three claims, the Court notes that on the verdict form and at the Defendant's sentencing hearing on January 11, 2005, the oral pronouncement of Defendant's sentence makes no mention of a firearm enhancement imposing a minimum mandatory. The Court orally pronounced Defendant's sentence as follows:
>
> [Court:]   Fine. Stand up, please, Mr. Branton. You will be adjudicated. You will be sentenced as a Prison Releasee Reoffender. On each

2

>> of these charges you will be sentenced to life, minimum mandatory life. That means for the rest of your life you will be in prison. The mandatory court costs and fines have to be imposed obviously by law, whatever they are. I'm not imposing any other fines and costs. [. . .]

> The Court does note that the Defendant was properly sentenced as a PRR pursuant to Florida Statutes Section 775.082(8), which includes the imposition of a mandatory life sentence. Furthermore, no mention of a firearm enhancement was made during the oral pronouncement of Defendant's sentence. However, page 5 of Defendant's judgment and sentence reflects:
>
>> Count 1: Life Minimum Mandatory, Firearm Enhancement 775.087(2)(A)(3).
>>
>> Count 2: Life Minimum Mandatory, Firearm Enhancement 775.087(2)(A)(3).
>>
>> Sentenced as a Prison Releasee Reoffender F.S. 775.082(8).
>
> The Court notes that despite Defendant's judgment and sentence noting a "firearm enhancement," the Defendant did not actually receive a minimum mandatory due to a firearm enhancement. It appears this language included on Defendant's judgment and sentence was a scrivener's error. As such, the Court grants Defendant's motion, in part, and orders the Clerk of Court to strike the following language from Defendant's judgment and sentence:
>
>> Count 1: Life Minimum Mandatory, Firearm Enhancement 775.087(2)(A)(3).
>>
>> Count 2: Life Minimum Mandatory, Firearm Enhancement 775.087(2)(A)(3).
>
> However, the Court notes that Defendant's sentencing as a PRR was legal and his mandatory life sentence as a PRR on each count remains in effect.

The state court clerk entered an amended judgment without the language imposing a mandatory minimum sentence for a firearm enhancement. (Doc. 9-2 at 164–66) The 2019

3

amended judgment left undisturbed the two mandatory life sentences imposed on Branton, as a prison releasee reoffender, and the effective date of those mandatory life sentences (Doc. 9-2 at 165) (bolding added):

> Ct. 1 SENTENCE: CRIMINAL
>
> Confinement (**Effective 01/11/2005**, TO BE IMPRISONED FOR A TERM OF LIFE, FLORIDA DEPARTMENT OF CORRECTIONS, LIFE MIN/MAN)
>
> Credit for Time Served: 392 Days
>
> Provisions
>
> - AMENDED PER ORDER SIGNED BY JUDGE TWINE THOMAS ON 3/18/2019 STRIKING THE "LIFE MIN/MAN, FIREARM ENHANCEMENT 775.087(2)(A)(3)" LANGUAGE
>
> - SENTENCE AS PRISON RELEASEE REOFFENDER
>
> Sentence Status (EACH COUNT EACH COUNT CONCURRENT)
>
> Ct. 2 SENTENCE: CRIMINAL
>
> Confinement (**Effective 01/11/2005**, TO BE IMPRISONED FOR A TERM OF LIFE, FLORIDA DEPARTMENT OF CORRECTIONS, LIFE MIN/MAN)
>
> Credit for Time Served: 392 Days
>
> Provisions
>
> - AMENDED PER ORDER SIGNED BY JUDGE TWINE THOMAS ON 3/18/2019 STRIKING THE "LIFE MIN/MAN, FIREARM ENHANCEMENT 775.087(2)(A)(3)" LANGUAGE
>
> - SENTENCE AS PRISON RELEASEE REOFFENDER
>
> Sentence Status (EACH COUNT EACH COUNT CONCURRENT)

"[N]ot every action that alters a sentence necessarily constitutes a new judgment for purposes of § 2244." *Osbourne*, 968 F.3d at 1265. "'[T]he judgment that matters for purposes of section 2244 is 'the judgment authorizing the petitioner's confinement.'" *Osbourne*, 968 F.3d at 1265 (quoting *Patterson v. Sec'y, Fla. Dep't Corrs.*, 849 F.3d 1321, 1325 (11th Cir. 2017)). Under Florida law, "correcting written sentencing documents to comport with an oral pronouncement does not require a *de novo* sentencing hearing; instead, such an error constitutes only a scrivener's error that may be corrected as a ministerial act." *Pittman v. State*, 310 So. 3d 970, 971 (Fla. 2d DCA 2020). "A court may correct clerical mistakes in its own judgments and records, *nunc pro tunc*, even after the term of court has expired, and such corrections generally relate back and take effect as of the date of judgment." *Carson v. State*, 489 So. 2d 1236, 1238 (Fla. 2d DCA 1986) (citing *Boggs v. Wainwright*, 223 So. 2d 316 (Fla. 1969)).

*Osbourne*, 968 F.3d at 1266–67, held that the petitioner's amended sentence, imposed *nunc pro tunc* to the date of the original judgment, related back to the original judgment and therefore was not a "new judgment" under Section 2244. Even though the amended judgment in Branton's case does not use the exact term "*nunc pro tunc*," the amended judgment specifies that the mandatory life sentences were "Effective 01/11/2005" — the date of the original judgment. (Doc. 9-2 at 165) Because the state court ministerially corrected a scrivener's error in the judgment to conform to the oral pronouncement of the sentences, and the sentences in the amended judgment authorizing confinement related back to the date of the original judgment, the amended judgment was not a "new judgment" under Section 2244 and did not authorize a second or successive petition. *See Miller v. Sec'y, Dep't Corrs.*, No. 21-10233, 2022

WL 29924 at *2 (11th Cir. Jan. 4, 2022)[1] ("Miller argues that, because the amended judgment was not entered *nunc pro tunc*, it is a new judgment. Although the state court here did not use that exact phrase, the amended sentence was, effectively, imposed *nunc pro tunc*, as it specified that the sentences on all three counts were "Effective 8/01/05" — the date of the original judgment . . . .").

Accordingly, the Court **GRANTS** the Respondent's motion (Doc. 8) to dismiss and **DISMISSES** without prejudice Branton's second or successive petition (Doc. 1) for lack of jurisdiction. Because the Court lacks jurisdiction to review the petition, the Court cannot issue a certificate of appealability. *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007). The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on November 3, 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

---

[1] 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.")